# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

|  |  |  |
|---|---|---|
| WILLIAM F. BRADBURY, JR., *et al*., | : | Case No. 2:23-cv-2355 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| | : | District Judge Sarah D. Morrison |
| vs. | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| OHIO DEPARTMENT OF | : | |
| REHABILITATION AND | : | |
| CORRECTION, *et al*., | : | |
| | : | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

Plaintiff, William F. Bradbury, Jr. ("plaintiff"),[1] an inmate housed at the Chillicothe Correctional Institution, has filed a *pro se* complaint under 42 U.S.C. § 1983 against the Ohio Department of Rehabilitation and Correction (ODRC) and various technology providers.[2] Plaintiff alleges that the ODRC's decision to switch technology providers has violated the First Amendment to the United States Constitution by requiring inmates to return or send to another address of their choosing the "JPay" tablets that they previously purchased. (Doc. 1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

---

[1] In addition to himself, plaintiff has identified numerous other parties as plaintiffs. (Doc. 1, at PageID 2). Because plaintiff is the only person to have signed the complaint, however, plaintiff is the only person the Court recognizes as a party plaintiff to this action.

[2] The complaint has been filed with exhibits. Pursuant to Federal Rule of Civil Procedure 10, the exhibits are considered a part of the complaint "for all purposes." *See* Fed. R. Civ. P. 10(c). *See Fishman v. Williams*, No. CV 14-4823, 2016 WL 11484591, at *7 (C.D. Cal. Sept. 21, 2016) ("When screening a *pro se* plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court may consider facts drawn from the complaint and supporting exhibits attached thereto."); *Johnson v. Buffalo Pub. Schools: Adult Educ. Div.*, No. 19-CV-1484, 2021 WL 9455714, at *3 (W.D.N.Y. Jan. 7, 2021) ("The Court deems the attachments and exhibits attached to [the plaintiff's] Complaint part of the pleading and considers them, to the extent they are relevant, in its screening decision.").

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). This matter is also before the Court on plaintiff's motions for a preliminary injunction and temporary restraining order (Doc. 4) and for a control number (Doc. 5).

## Plaintiff's Complaint

A. *Legal Standard*

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in

2

reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual

enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

       *B.*     *Allegations*

       Plaintiff alleges that for over ten years ODRC inmates have purchased JPay tablets and downloaded onto those devices music, video games, books, and other publications. Plaintiff further alleges that, at the encouragement of the ODRC, and based on promises that inmates could take the technology home with them, inmates have spent thousands of dollars on the devices and downloaded media. (Doc. 1, at PageID 6).

       However, according to plaintiff, in July 2023, the ODRC began to phase out JPay tablets and replace them with "ViaPath" tablets. (Doc. 1, at PageID 6; *see also* Doc. 1-1, at PageID 20-22). Plaintiff alleges that as a result of this change, inmates are required to get rid of their JPay tablets by October 1, 2023, either by turning them in to a designated staff member for a credit or by sending them to an address of their choice with postage paid by the ODRC. (*See* Doc. 1-1, at PageID 20). Plaintiff alleges that the requirement that inmates give up their JPay tablets deprives them of "protected free speech" and is at variance with an ODRC policy that allows inmates to "possess both a JPay tablet AND a GTL tablet." (Doc. 1, at PageID 6-7; *see also* Doc. 1-1, at PageID 14 (emphasis in original)).

       For relief, plaintiff seeks an order preventing the ODRC from confiscating the JPay tablets, directing the ODRC to return the tablets, or a refund of the amounts spent on JPay-tablet and media purchases. (Doc. 1, at PageID 8).

       *C.*     *Analysis*

       Plaintiff's complaint is subject to dismissal for failure to state a plausible federal claim.

First, to the extent that plaintiff seeks to initiate a class action (*see* Doc. 1, at PageID 2, 7), he "lacks standing to assert the constitutional rights of other prisoners" and is not permitted as a *pro se* litigant to bring a class action lawsuit concerning prison conditions.  *See Dodson v. Wilkinson,* 304 F. App'x 434, 438 (6th Cir. 2008) (and cases cited therein); *see also White v. Kasich,* No. 2:12-cv-1125, 2013 WL 941440, at *10 (S.D. Ohio Mar. 8, 2013) (Deavers, M.J.) (Report & Recommendation) (explaining that the reason *pro se* prisoners are generally prohibited from bringing class actions is because they are unable to "adequately to represent the interests of the class"), *adopted,* 2013 WL 1281887 (S.D. Ohio Mar. 27, 2013) (Smith, J.); *Brown v. Collins,* No. 2:07-cv-826, 2008 WL 818793, at *2 (S.D. Ohio Mar. 24, 2008) (Kemp, M.J.; Frost, J.) (citing *Palasty v. Hawk,* 15 F. App'x 197, 200 (6th Cir. 2001)) (same); *Marcum v. Jones,* No. 1:06-cv-108, 2006 WL 543714, at *1 (S.D. Ohio Mar. 3, 2006) (Dlott, J.) (and cases cited therein) (holding that the *pro se* inmate "may bring his own claims to federal court without counsel, but not the claims of others").  Therefore, plaintiff's complaint should be limited to alleged violations of his own federal rights.  *Cf. Dodson*, 304 F. App'x at 438.

Next, plaintiff's claims against the ODRC should be dismissed.  Plaintiff has failed to state an actionable claim against the ODRC because the state agency is not a "person" or legal entity that may be sued under 42 U.S.C. § 1983.  *See, e.g., McGlone v. Warren Corr. Inst.*, No. 1:13cvl26, 2013 WL 1563265, at *3 (S.D. Ohio Apr. 12, 2013) (Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein) (holding that claims against a state prison and the ODRC should be dismissed at the screening stage because "neither the state prison facility nor the state corrections department is an entity capable of being sued under § 1983"), *adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013) (Dlott, J.); *see also Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 355-56 (6th Cir. 2006) (and cases cited therein); *Rodgers v. Michigan Dep't of Corr.*,

29 F. App'x 259, 260 (6th Cir. 2002).  *Cf. Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons'" who may be held liable for constitutional violations in a § 1983 action).  Accordingly, the ODRC should be dismissed as a defendant.[3]

Further, plaintiff's complaint fails to state a claim upon which relief may be granted to the extent that he bases his claim on a violation of prison policy.  An alleged failure to comply with an administrative rule or prison policy does not itself give rise to a § 1983 claim.  *See Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017) ("claims related to violations of prison policies do not state a constitutional violation").  Thus, these claims should be dismissed.

Finally, plaintiff has failed to state a First Amendment claim.  To the extent that plaintiff alleges that he is being denied protected free speech, an exhibit attached to the complaint indicates that "[a]ll content (EXCEPT for games) will transfer from JPay to ViaPath[.]"  (Doc. 1-1, at PageID 21).  Additionally, even assuming that video games are protected by the First Amendment, *see Brown v. Entertainment Merchants Ass'n,* 564 U.S. 786, 790 (2011), plaintiff does not allege that he is prohibited from playing video games on the new device.  *Cf. Printup v. IDOC*, No. 222CV00235, 2023 WL 2093733, at *2 (S.D. Ind. Jan. 26, 2023) (finding that requirement that inmates pay for replacement tablet did not violate First Amendment).  Indeed, the same exhibit referenced earlier in this paragraph provides that inmates "will receive free games for a year . . . (if game package is already purchased, [incarcerated persons] will receive a $2.99 credit on tablet)."  (Doc. 1-1, at PageID 20).

---

[3] At this point it is not clear if the private contractors plaintiff names as defendants are state actors within the meaning of § 1983.  The Court need not determine this issue at this time because for the reasons stated herein the complaint is otherwise subject to dismissal.

Rather, plaintiff essentially alleges that defendants are depriving him of previously purchased video games—a claim that sounds in Fourteenth Amendment due process. However, any constitutional claim for the deprivation of personal property must allege "that state remedies for redressing the wrong are inadequate," which plaintiff has not done here. *Perdue v. Ohio Dep't of Corr.*, No. 1:13-cv-878, 2014 WL 661707, at \*5 (S.D. Ohio Feb. 19, 2014) (citing *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983)). Plaintiff has thus failed to allege the deprivation of a constitutional right.

Accordingly, in sum, plaintiff's complaint (Doc. 1) should be **DISMISSED with prejudice,** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). In light of this recommendation, plaintiff's motions for preliminary injunction and temporary restraining order (Doc. 4) and for a control number (Doc. 5) should be denied as moot.

### IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. In light of the above recommendation, plaintiff's motions for preliminary injunction and temporary restraining order (Doc. 4) and for a control number (Doc. 5) be **DENIED as moot**.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


August 16, 2023                              *s/ Elizabeth A. Preston Deavers*
                                             ELIZABETH A. PRESTON DEAVERS
                                             United States Magistrate Judge

8