### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**WILLIAM R. BRADBURY, JR,** *et al.,*

                    **Plaintiffs,**          :

           **v.**                                       **Case No. 2:23-cv-2355**
                                                         **Judge Sarah D. Morrison**
                                                         **Magistrate Judge Elizabeth**
**OHIO DEPARTMENT OF**                        **Preston Deavers**
**REHABILITATION AND**                :
**CORRECTION,** *et al.,*

                    **Defendants.**

### ORDER

This matter is before the Court on William R. Bradbury, Jr.'s objections to the September 18, 2023 Report and Recommendation (ECF No. 8; Objections, ECF No. 16.)

Proceeding without assistance of counsel, Mr. Bradbury purports to bring this suit on behalf of himself and at least 70 other inmates as a putative class action. (Compl., ECF No. 1.) Bradbury listed the names and inmate numbers of other potential plaintiffs but his is the only signature on the Complaint. (*Id.* at 2, 8.) As such, Bradbury is the only person the Court recognizes as a party plaintiff to this action. The Clerk is therefore **DIRECTED** to **REMOVE** all other plaintiffs from the docket of this action.[1]

---

[1] One of the individuals Bradbury lists in his Complaint (Michael Castlin) has filed several motions as a "plaintiff" to this suit. (ECF Nos. 17, 18, 19, 21.) Because Mr. Castlin is not a plaintiff in the instant suit, his motions are **STRICKEN**.

In addition, Bradbury cannot bring class action litigation *pro se*, his class allegations are hereby **STRICKEN**.

## I.    BACKGROUND

### A.    Allegations

Mr. Bradbury is currently incarcerated at Chillicothe Correctional Institution ("CCI") within the Ohio Department of Rehabilitation and Correction ("ODRC"). He filed suit against ODRC and various technology providers pursuant to 42 U.S.C. § 1983, alleging that ODRC's decision to phase out "JPay tablets" in favor of "Via Path tablets" will violate his rights under the First Amendment to the United States Constitution. (Compl., ECF No. 1.) According to Mr. Bradbury, ORDC has required that he get rid of his JPay tablet before the new tablets are fielded, either by returning the tablet to ODRC for a credit or by mailing it to an address of his choosing.[2] He claims that video games purchased on his JPay tablet will not transfer to the new tablet, so he will be unable to access this content—which he believes is protected speech—once the JPay tablets are phased out.

### B.    Report and Recommendation

After performing an initial screen of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Magistrate Judge issued a Report and

---

[2] Bradbury represents that his JPay tablet will be considered contraband after October 1, 2023, so he will lose access to his content on that date. (Compl., at 6.) The Court notes that Bradbury's claim may not have been ripe when his Complaint was filed on July 24, 2023. *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (cleaned up). However, for purposes of this Order, the Court will assume his claim is ripe.

Recommendation recommending dismissal of Bradbury's § 1983 claim against all defendants. (ECF No. 8.) The Magistrate Judge first recommended that Bradbury's claim against ODRC be dismissed because State agencies cannot be sued for monetary damages under § 1983. (*Id.* at 103–04.) The Magistrate Judge also recommended dismissing the claim for failure to state a claim. (*Id.* at 103–05.)

The Magistrate Judge first analyzed whether Bradbury stated a First Amendment claim. (*Id.* at 104.) The Magistrate Judge assumed that video games are protected First Amendment speech but found that Bradbury still failed to allege a First Amendment violation because he does not claim he will be prohibited from engaging in such speech. (*Id.*) Bradbury alleges that he will not be able to play the video games on his JPay tablet, there is no allegation that he will be unable to purchase and play new games on the ViaPath tablets. (*Id.*) That being the case, the Magistrate Judge concluded that Bradbury really brings a Fourteenth Amendment due process claim based on the potential deprivation of property rights. (*Id.* at 105.) Even so, the Magistrate found that his allegations were insufficient to state a due process claim because he does not allege that Ohio's post-deprivation remedies will be inadequate to address any future property loss. (*Id.*) Finally, the Magistrate Judge recommended that the Court deny Bradbury's pending motions as moot and certify that that an appeal of this Order would not be taken in good faith. (*Id.* at 105–06.)

## II.    STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or

specified proposed findings or recommendations to which objection is made." 28

U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may

accept, reject, or modify, in whole or in part, the findings or recommendations made

by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.    ANALYSIS

Bradbury makes two objections to the Report and Recommendation. (ECF

No. 16.) He first argues that the ability to play video games is a form of expression

protected under the First Amendment. (ECF No. 16, PAGEID # 5–7.) As discussed

above, the Magistrate Judge assumed that was the law. Although Bradbury may

have preferred an affirmative statement that video games are protected under the

First Amendment, that is not a reason for rejecting or modifying the Report and

Recommendation. As such, his first objection is **OVERRULED**.

Bradbury's second objection is that he should be afforded notice and an

opportunity to be heard before ODRC deprives him of his protected property

interest in his JPay tablet games. (ECF No. 16, PAGEID # 133.) However, in *Paratt*

*v. Taylor*, the United States Supreme Court held that the existence of adequate

post-deprivation state remedies eliminates any due process claim arising from the

negligent deprivation of a prisoner's property. 451 U.S. 527, 539–44 (1981),

*overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986) and *Hudson v. Palmer*,

468 U.S. 517 (1984). The *Hudson* Court extended *Parratt's* application to all § 1983

due process claims involving deprivation of property, regardless of whether the

deprivation is negligent or intentional. *Hudson*, 468 U.S. at 533–36. *Cf. Jefferson v.*

*Jefferson Cty. Pub. Sch. Sys.*, 360 F.3d 583, 587–88 (6th Cir. 2004) ("If satisfactory

state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury.").

Following *Parratt* and *Hudson*, the Sixth Circuit held that in a § 1983 case "claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1065–66 (6th Cir. 1983). Where a plaintiff fails to do so, dismissal for failure to state a claim is appropriate. *See, e.g.*, *Gibbs v. Hopkins*, 10 F.3d 373, 377-78 (6th Cir. 1993) (dismissal of procedural due process claim upheld where the plaintiff had "not pled or shown that [the state] judicial remedies are inadequate. . ..."); *Ruiz v. Fisher,* No. 96-4212, 1998 WL 661139, at \*5 (6th Cir. Sept. 2, 1998) (concluding that the plaintiff had failed to state a claim of either intentional or negligent deprivation of property where he had not pled "that state remedies for redressing the wrong [were] inadequate").

Just so here. Bradbury does not allege that Ohio's post-deprivation tort remedies are inadequate to address his potential property loss, so dismissal of his claim is appropriate. *See Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534–36) ("State tort remedies generally satisfy the post deprivation process requirement of the Due Process Clauses."). Therefore, his second objection is **OVERRULED**.

## IV.    CONCLUSION

Accordingly, the Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation. (ECF No. 8.) For the reasons stated therein, Bradbury's Section 1983 claim is **DISMISSED** against all Defendants and his

5

pending motions are **DENIED** as moot. (ECF Nos. 4, 5, 13.) The Clerk is

**DIRECTED** to **TERMINATE** this case on the docket.

Finally, the Court **CERTIFIES** to the Sixth Circuit that an appeal of this

Order would not be taken in good faith and should not be permitted to proceed *in*

*forma pauperis.*

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**